1
2
3
4
5
6

UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| TRACY RINDONE, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>ANTHEM LIFE INSURANCE COMPANY, an Indiana Corporation, MOTORISTS MUTUAL INSURANCE COMPANY, an Ohio Corporation, MOTORISTS MUTUAL INSURANCE COMPANY PLAN, an employee benefit plan, MOTORISTS MUTUAL INSURANCE COMPANY in its capacity as Administrator of the Motorists Mutual Insurance Company Plan, and ANTHEM LIFE INSURANCE COMPANY, in its capacity as Benefits Administrator of the Motorists Mutual Insurance Company Plan<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974**<br><br>**JURY TRIAL DEMANDED** |

        COMES NOW Plaintiff, Tracy Rindone, by and through her attorney of

record, and hereby complains and alleges as follows:

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-1

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

## JURISDICTION

1.      Jurisdiction of this Court is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§ 502(e)(l) and (f), 29 U.S.C. §§ 1132(e)(l) and (f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States.

## VENUE

2.      Venue is proper under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in that the employee benefit plan that is the subject of Plaintiff's claims is administered in this District and/or the breaches described below occurred within the territorial limits of this District and/or a defendant may be found within the territorial limits of this District.

## PARTIES

3.      Plaintiff Tracy Rindone ("Rindone" or "Plaintiff") is, and at all times mentioned herein was, a participant, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in the Motorists Mutual Insurance Company Plan.  Plaintiff is, and at all times mentioned herein was, a Washington state resident, residing in the

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-2

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966      Fax (509) 663-3852

city of Olympia, in Thurston County, in the State of Washington.

4.      Defendant Motorists Mutual Insurance Company Plan (the "Plan") is, and at all times mentioned herein was, an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), administered in Thurston County, Washington. The Plan may be sued as an entity pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1). The Plan is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

5.      Defendant Motorists Mutual Insurance Company ("Motorists") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Franklin County, in the State of Ohio. Motorist Mutual is, and all times mentioned herein was, the sponsor of the Plan and serves as the administrator of the Plan (the "Plan Administrator") within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(l6)(A). Motorists conducts business in Thurston County, State of Washington. As Plan Administrator, Motorists is, and at all times mentioned herein was, a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Defendant Motorist in its capacity as Plan Sponsor and Plan Administrator is named as a defendant herein pursuant to Rule 19(a) of the

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-3

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

Federal Rules of Civil Procedure to assure that complete relief can be granted.

6.      Defendant Anthem Life Insurance Company ("Anthem") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Indiana, which conducts business in Thurston County, State of Washington.  Anthem underwrites the Plan and is, and at all times mentioned herein was, responsible for making benefit claims determinations for the Plan. Anthem is, and at all times mentioned herein was, a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that it has exercised discretionary authority or responsibility with respect to the granting or denying of claims for long-term disability ("LTD") benefits under the Plan. Finally, Rindone is informed and believes that Anthem acted as Motorists' agent when handling Rindone's claim, including but not limited to responding to Rindone's document requests pursuant to the contract between Motorists and Anthem making Anthem responsible for the benefit claim determinations to the Plan.

## FACTUAL ALLEGATIONS

7.      From April 5, 2004 through November 7, 2008, American Hardware Mutual Insurance Company ("American Hardware") employed Rindone as an insurance sales agent or "Field Sales Representative."   In 2006, American

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-4

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

Hardware presented Rindone with an award at its annual leadership conference. Rindone was consistently one of American Hardware's top sales people, and regularly worked eighty (80) hours per week.  Rindone increased American Hardware's Washington, Oregon, and Idaho business by approximately eighty percent (80%).

8.      Rindone routinely assessed the needs of automotive retailers and sold them multi-million dollar insurance policies. As a result of Rindone's employment with American Hardware, which was owned by Motorists, Motorists provided Rindone with LTD insurance under the Plan.

9.      Motorists described Rindone's substantial duties and responsibilities in pertinent part as:

> the ability to perform arithmetic is crucial to her position as an insurance agent selling policies with tens of millions of dollars in coverage to automotive dealers for their facilities.  The following mathematical ability is required:
>
> Mathematical Ability
>
> Capability to:
> - work comfortably with figures
> - perform calculations accurately
> - formulate measurement systems
> - identify and correct mathematical errors
> - forecast, budget and/or report quantitative data

Further, Rindone's job description noted that errors, such as arithmetic errors, can

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-5

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966      Fax (509) 663-3852

result in significant financial losses.

EFFECT OF ERRORS:
The effect of errors in judgment is very important regarding the selection of risks to insure in the territory.  Poor judgment can result in significant financial loss to the policyholder and company's public image.

10.     On January 1, 2007, while vacation in the South Pacific, Rindone and her adult son, Andrew Kirsop ("Kirsop"), ate fish contaminated with a neurotoxin, Ciguatoxin ("PTX").  As a result, they both suffered from Ciguatera poisoning.

11.     In March 2007, Rindone went an American Hardware leadership conference in Hawaii.  However, she was too ill to attend most functions and spent the majority of her time in her hotel room.  American Hardware proposed to provide Rindone with a qualified assistant at Rindone's own expense.

12.     In April 2007, Dr. Laura Dahmer-White, Ph.D. diagnosed both Rindone and Kirsop with Ciguatera poisoning.  Rindone suffered from serious cognitive deficits as well as headaches, fatigue, arthralgias, myalgias, memory and attending problems, and perioral paresthesias.  As the PTX continued to do damage, Rindone's and Kirsop's condition worsened.

13.     On April 30, 2007, Rindone contacted her employer seeking a medical accommodation for her condition, i.e. twelve (12) weeks leave to recover.  However, Rindone's supervisor warned Rindone that Rindone would be labeled as a "malingerer" and Rindone "should not take the time off."  Instead, Rindone's

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-6

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

supervisor promised to ease her job requirements to accommodate her medical condition.

14.    Unfortunately, Rindone's job requirements were not eased to accommodate her medical condition.   As a result, Rindone on her own hired a part-time assistant to help maintain her job performance.   This proved futile and her performance continued to decline.

15.    In March 2008, Rindone did not go to the American Hardware leadership conference, because she was too ill to travel alone.   Since. American Hardware did not have a human resources person, the head of Motorists' Human Resources department contacted Rindone and requested medical certification of her illness.

16.    In May 2008, Rindone sent the medical certification to Motorists. However, the only response Rindone received was increasingly negative performance evaluations.

17.    When American Hardware finally provided the qualified assistant promised in March 2007, the assistant quit after two months.   American Hardware refused Rindone's efforts to document the assistant's poor fit.

18.    On October 17, 2008, American Hardware revoked Rindone's authority to bind insurance coverage based upon poor performance and judgment.

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-7

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

19.     On November 8, 2008, Rindone took disability leave and requested short term disability ("STD").

20.     On February 12, 2009, Rindone submitted to Defendants her LTD claim, including an Attending Physician Statement ("APS") from both Dr. Dahmer-White, Ph.D. and Dr. Thomas Duncan, M.D., Rindone's primary care physician.   Both found that Rindone suffered from Ciguatera poisoning resulting in serious cognitive deficits as well as headaches, fatigue, arthralgias, myalgias, memory and attending problems, and perioral paresthesias.  On or about that time, Rindone also applied for Social Security Disability.

21.     On March 11, 2009, John Gagnon, Anthem's Senior Disability Benefit Consultant,  provided the following "tactical" advice to Hope Gaiter, Anthem's Appeal Coordinator, on how to avoid liability on Rindone's claim:

> The bottom line is that she has no proof she been inflicted with Ciguatera in late 2006 after a trip to Asia.  <u>There are no tests to take to confirm this diagnosis</u>.

(Emphasis added.)

22.     On April 16, 2009, Anthem's reviewer concluded based upon an "overall impression" that Rindone's claim could only a less costly psychiatric claim and never considered anything else.

23.     On May 5, 2009, Anthem denied Rindone's claim for LTD benefits

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-8-

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

based upon four (4) reasons: (i) "[t]here were no objective laboratory tests done to confirm the diagnosis of Ciguatera poisoning;" (ii) "[Rindone's] activities were not restricted or limited at the onset of [her] symptoms;" (iii) "even if the diagnosis of ciguatera was confirmed, Per Dr. Firestone, it is uncommon for the posing to permit in such a strong degree this long after exposure;" and (iv) "Dr. Firestone and Dr. Dahmer White agree that your condition may be psychological in nature, but we do not have medical documentation to support either condition."

24.    On November 1, 2009, Rindone appealed the May 5, 2009 denial of LTD benefits and rebutted each of Anthem's "original" reasons for denial of LTD benefits:

> First, your assertion as a ground for denial that "[t]here were no objective laboratory tests done to confirm the diagnosis of Ciguatera poisoning such as those to detect Ciguatoxins, including chromatography-mass spectrometry (LCMS), receptor binding assay (RBA), and neuroblastoma assays (N2A)" is absurd.  (Emphasis added).  You are erroneously either: (i) insisting on the performance of a human test for ciguatoxins that does not exist as a precondition of coverage or (ii) penalizing my client for not immediately taking and freezing a sample of the fish that made her ill. Either approach is extremely unreasonable and serves no purpose other than to deprive my client of disability benefits.
>
> In fact, the emphasized language from your denial letter appears to have been improperly copied from Wikipedia . . .
>
> * * *
>
> Even if you could rely upon Wikipedia, the ciguatoxin testing referenced is performed on "crude extracts of fish", not humans.

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-9

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

More importantly, Wikipedia admits the information that you are relying [on for] the denial is "unreliable."

\* \* \*

[Anthem also] selectively ignored from Dr. Firestone's report language supporting provision of benefits and rebutting [its] purported testing concerns:

[Rindone] certainly describes a history that would be consistent with ciguatera toxin poisoning. Onset of GI symptoms within 12 hours of eating fish and symptons shared with others (her son) who also had the same meal are consistent with that diagnosis. At this point, the usual approach to case confirmation (testing the fish itself for ciguatoxins) is not feasible.

\* \* \*

Similar, the World Health Organization has confirmed that: (i) ciguatera diagnoses are based upon the symptoms presented, not testing humans for toxin; and (ii) severe cases can persist for years.

Second, you erroneously base your denial on the fact that: "[y]our activities were not restricted or limited at the onset of your symptoms." However, nothing in the policy requires that my client immediately become completely disabled. In fact, my client should be applauded for attempting to work through an obviously worsening situation. Finally, Dr. Smith specifically and repeatedly refuses to release my client to work based upon her illness.

Third, you erroneously assert as a ground for denial that "even if the diagnosis of ciguatera was confirmed, Per Dr. Firestone, it is uncommon for the posing to permit in such a strong degree this long after exposure." As quoted above, Dr. Firestone found the diagnosis of ciguatera confirmed by her history, symptoms and the fact someone eating the same food suffered the same illness. There is not a single medical professional who treated my client who doubts her ciguatera or the seriousness of her injuries. Thus, your continuing insistence on additional confirmation of my client's ciguatera, when it is not available, evidences a bad faith investigation and denial of coverage.

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-10

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966      Fax (509) 663-3852

Moreover, Dr. Firestone's notation that the persistence of my client's ciguatera is "unusual" is not a basis to deny benefits.  It was an expression of concern about how much my client was suffering without being able to return to work.  There is nothing in the policy that restricts coverage to only "common conditions" persisting only for "usual" periods of time.   Any negative inference relating to coverage drawn from Dr. Firestone's use of the "unusual" is mere speculation on [Anthem's] part, not a ground for denial of benefits.

In fact, Professor J. Pearn, an authority in the field of Ciguatera, recognized the existence of persons, who have <u>symptoms for years after the exposure</u> . . .

Fourth, you erroneously assert that: "Dr. Firestone and Dr. Dahmer White agree that your condition may be psychological in nature, but we do not have medical documentation to support either condition." Your assertion of inadequate medical documentation appears to be based upon the erroneous belief that there is a human test to prove the existence of ciguatera toxins in humans and "symptomatic diagnosis" is somehow insufficient to support payment of benefits. Moreover, since you are obligated to obtain and analyze all related medical records, you are directed to Dr. White's treatment records. Please obtain and review them as soon as possible.

[Finally, Rindone] demands immediate delivery of copies of her claim file, i.e. all documents, records, notes, work papers, and other information relevant to her claim for benefits, including but not limited to billing records from investigators and contractors of any kind, diaries and meeting notes.

25.     On December 18, 2009, Anthem denied Rindone's First Appeal.

26.     On January 20, 2010, Anthem provided copies of the paper reviews conducted by Dr. Leonid Topper, M.D. and Dr. Alexander Chervinsky, Ph.D., but

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-11

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

not their work papers or Dr. Chervinsky's recalculations of Rindone's test scores. Significantly, Dr. Chervinsky, who attempts to discredit Rindone's test results, had no experience in reviewing case files for Marine biotoxins, ciguatera, or organic brain disorders. Instead, Dr. Chervinsky specialized in traumatic brain injuries. Anthem also enclosed a UNUM Life disability policy, though the Plan insures through Anthem.

27. On January 22, 2010, Rindone sought to confirm that she was entitled to a Second Appeal:

> According to Anthem's Plan Summary, a second optional appeal exists for those whose first appeal has been denied. [citations omitted.] Please provide written confirmation whether: (i) my client has an optional second appeal before filing a lawsuit, in accordance with the Plan Summary, so that the serious deficiencies in Anthem's analysis can be rectified, or (ii) all my client's administrative appeals have been exhausted.

28. On February 22, 2010, the Social Security Administration granted Rindone's application for disability benefits. Administrative Law Judge Robert M. McPhail found in pertinent part:

> 3. The claimant has the following <u>severe impairments: organize mental disorder and anxiety</u> (20 CFR 404.1520(c)).
>
>           *   *   *
>
> The claimant's impairments meet the criteria of section 12.02. The "paragraph A" criteria are satisfied because <u>the claimant has memory impairment; perceptual or thinking disturbances; change in personality; disturbance in mood; and emotional lability and impair</u>

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-12

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA 98802
(509) 663-2966      Fax (509) 663-3852

in impulse control.  The "paragraph B" criteria are satisfied because the claimant's impairments cause **moderate** restriction in activities of daily, **marked** difficulties in maintaining social functioning, **marked** difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation, each of extended duration.

\* \* \*

The medical evidence revealed the claimant was accidentally poisoned while eating fish contaminated with Ciguatera, a central nervous system neuro-toxin.  As a result, she suffered refractory migraine headaches, subjective short-term memory impairment, cognitive slowing, fatigue, multifocal myalgias and arthralgias, transient perioral paresthesias, nausea, vomiting, refractory insomnia and anxiety.  Laura Dahmer-White, Ph.D., consultative examiner, reported that the results of neuropsychological assessment were consistent with a diagnosis of cognitive disorder, nos.  The claimant's testing results revealed issues with auditory and visual span of attention and mental control, reduced capacity for alternating and divided attention, and slowed general processing speed.  The claimant showed evidence of reduced fine motor coordination with the right hand and impairment in verbal and visual memory, with particular difficulty in learning and remembering organized and unstructured information.  The claimant had anxiety with some underlying depression and mild hypomanic features.  On April 23, 2009, Dr. Dahmer-White reported the claimant continued to struggle with cognitive symptoms and her thought processes were disorganized.  The claimant displayed significant problems with executive functions, anxiety, depressed mood, and racing thoughts.

(Some emphasis added; record citations omitted.)

29.   On March 3, 2010, Anthem agreed in writing that Rindone was entitled to a Second Appeal.

30.   On March 31, 2010, Rindone again requested missing documentation:

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-13

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966      Fax (509) 663-3852

Once again, my client requests a complete copy of Anthem's policy and Dr. Chervinsky's computation and/or recalculation of scores. Please understand that, pursuant to ERISA 502(c), 29 U.S.C. 1132(c), you are liable, to date, for up to $16,500.00 in penalties. Even if my client ultimately does not prevail in her claim for benefits, she will be entitled to penalties for the plan administrator's failure to provide the requested the documents.

31.    On April 21, 2010, Rindone filed her Second Appeal.   Rindone summarizes the contents of her twenty six (26) page Second Appeal:

[S]ince [Rindone's] employer, Motorists Mutual Insurance Company ("Motorist"), is self insured, there is a demonstrable conflict of interest and any Court will "temper the abuse of discretion standard with skepticism 'commensurate' with the conflict." Nolan v. Heald College, 551 F.3d 1148, 1153 (9th Cir. 2009).   Here, the plan administrator has abused its discretion for [several] reasons.

First, Anthem, as the [benefits] administrator, knowingly failed to analyze my client's treating physician's opinions and records is a per se abuse of discretion.  McCauley v. First Unum Life Ins. Co., 551 F.3d 126, 132 (2nd Cir. 2008).

Second, Anthem's denial of my client's disability claim for failure to produce "objective medical evidence" to confirm ciguatera poisoning, when no such tests exist, is a per se abuse of discretion. Jordan v. Northrop Grumman Corp., 370 F.3d 869, 877 (9th Cir. 2004).

Third, Anthem intentionally tainted the medical review process in two (2) distinct ways: (i) instructing the independent medical reviewers to focus on whether there were "objective medical findings" and "objective medical evidence", when no such test exists; and (ii) instructing the independent medical reviewers to evaluate only my client's ability to perform the "physical" aspects of her job description, instead of her entire job description.  Anthem's tainting

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-14

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966      Fax (509) 663-3852

of the medical review process is a per se abuse of discretion.  DeLisle v. Sun Life Assur. Co. of Canada, 558 F.3d 440, 445 (6th Cir. 2009).

Fourth, Anthem's rejection of my client's medical doctors' statements about her long term ciguatera poisoning, condition, and impairments are a per se abuse of discretion without conflicting evidence, even though these findings are based on subjective complaints of the plaintiff. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  A selective reading of medical literature and discounting of literature discussing long term symptoms is not "evidence" justifying a denial of benefits.

Fifth, Anthem abused its discretion by conducting a pure paper review and failing to present the medical reviewers with all relevant evidence.  Bennett v. Kemper Nat'l Servs., Inc., 514 F.3d 547, 554 (6th Cir. 2008); Metro. Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2352 (2008).

Sixth, Anthem's focus on whether my client is able to perform the "physical" demands of her occupation, instead of her capability to perform the substantial duties and responsibilities of her occupation is a per se abuse of discretion. DeLisle v. Sun Life Assur. Co. of Canada, 558 F.3d 440, 445 (6th Cir. 2009).

Seventh, Anthem's failure to inform my client of purported deficiencies in the record and an opportunity to resolve the issue, (i.e. conduct additional neuro-psych testing to resolve the independent reviewers speculative concerns that [Rindone] was malingering during the testing), was an abuse of discretion.  See 29 C.F.R. § 2560.503-1(g); Saffon v. Well Fargo & Co. Long Term Disability Plan, 522 F.3d 863, 870 (9th Cir. 2008).

Eighth, Anthem is required to explain why the Social Security Administration's ("SSA") decision to grant [Rindone] permanent disability benefits should be disregarded.  Otherwise, Anthem's failure to distinguish the SSA's contrary conclusion indicates another failure to consider relevant evidence and the lack of a principled and

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-15-

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

deliberative reasoning process.   <u>Montour v. Hartford Life &amp;</u> <u>Accident</u>, 588 F.3d 933, 637 (9th Cir. 2009).

Ninth, Anthem's consultant's improper ruling out of a [physical] cause of [Rindone's disability] based solely upon his "impression" of Dr. Jordan Firestone's records demonstrates an improper attempt to limit Anthem's liability.

Tenth, Anthem's incomplete response to my client's November 1, 2009 and March 31, 2010 requests for her complete claims file demonstrates improper attempts to insulate its decision from review.

Finally, [Rindone] once again requests additional documentation relating to Anthem's efforts to assure accurate claims assessment, if any.

32.     On April 30, 2010, Anthem purported to belatedly provide the documentation requested by Rindone.

33.     On May 24, 2010, Rindone pointed out that the documentation that Anthem provided was still incomplete.  In addition, Rindone pointed out that Dr. Cherinsky's most recent report revealed that he never reviewed Dr. Deborah Smith's May 13, 2009 Psychiatry Progress Note as he wrote "[n]o psychiatric notes were included in the records."  Inexplicably, Dr. Cherinsky listed  that progress note as a document received for his original peer review.

34.     On June 25, 2010, Rindone wrote in pertinent part:

The general review claim period of forty-five (45) days has already passed with Anthem providing the requested information or asking my client for additional information.  My client would again like to

**COMPLAINT FOR VIOLATIONS OF THE** **EMPLOYEE RETIREMENT INCOME SECURITY** **ACT OF 1974** -16

**THE HUNTER LAW FIRM, PLLC** 645 Valley Mall Parkway, Suite 200 East Wenatchee, WA  98802 (509) 663-2966        Fax (509) 663-3852

offer any assistance she can provide to ensure meaningful dialogue and a fair review that will bring the process to a conclusion. . . .

Unfortunately, [Rindone] has also not received a response to her Monday, May 24, 2010 letter requesting additional information necessary for my client to engage in a meaningful interactive process with Anthem.

35.     On July 20, 2010, Anthem denied Rindone's Second Appeal without meaningfully addressing the issues raised by Rindone or even attempting to engage in a meaningful dialogue.  Even the Social Security Administration's decision to grant Rindone permanent disability benefits was ignored.  Instead, Anthem focused on the results of a second paper review and highly selective reading of the test results.

36.     Rindone also requested directly from Motorists all documents previously requested from Motorists via Anthem as well as Anthem's claims handling material.

### FIRST CAUSE OF ACTION
**(Claim for LTD Benefits and for Clarification of Rights to Future Benefits Under the Terms of the Plan Benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) Against Defendants)**

37.     Plaintiff realleges and by this reference incorporates herein all allegations in paragraphs 1 through 36.

38.     ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1 require

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-17

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966          Fax (509) 663-3852

every employee benefit plan, including an employee welfare benefit plan, to follow certain minimum procedures pertaining to claims for benefits and to provide "adequate notice in writing" to participants whose claims for benefits under a plan have been denied. 29 C.F.R. § 2560.503-1(b)(5) requires that claims procedures contain administrative processes and safeguards designed to ensure and verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, plan provisions have been applied consistently with respect to similarly situated claimants. In addition, every employee benefit plan must afford a reasonable opportunity for participants to receive a "full and fair review" after a claim for benefits has been denied.

39. By failing to appropriately consider the information provided to it, and by failing to provide information regarding the reasons for its denial, Defendants violated ERISA § 503, 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

40. As a result of the violations of ERISA by Defendants and the failure to pay benefits to which Plaintiff is entitled, Plaintiff is entitled to recovery pursuant to ERISA § 502(a)(l)(B), 29 U.S.C. § 1132(a)(l)(B), which permits recovery of benefits due under the terms of an employee benefit plan.

41.    Plaintiff is further entitled to a clarification of her rights to future benefits under the terms of the Plan pursuant to ERISA § 502(a)(l)(B), 29 U.S.C.

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-18

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966        Fax (509) 663-3852

§ 1132(a)(1)(B).   Thus, Plaintiff requests a clarification of her rights to these benefits.

## SECOND CAUSE OF ACTION
### (Claim for Penalties For An Administrator's Refusal To Supply Required Information pursuant to ERISA § 502(c), 29 U.S.C. 1132(c) Against Motorists)

42.    Plaintiff realleges and by this reference incorporates herein all allegations in paragraphs 1 through 36.

43.    ERISA § 502(c), 29 U.S.C. 1132(c) provides that a penalty is due to be paid by "any administrator" who fails or refuses to comply with a request for information "which such administrator is required by this subchapter to furnish to a participant or beneficiary."

44.    In addition to the specific documents described in the ERISA statute itself, at ERISA 104(b)(4), 29 U.S.C. 1024(b)(4), such as the summary plan descriptions and other documents under which the plan is operated, the ERISA statute, at 109(c), 29 U.S.C. 1029(c) provides that the Secretary of Labor may also prescribe what other documents should be furnished:   "The Secretary may prescribe the format and content of . . . any other . . .documents . . .which are required to be furnished or made available to plan participants and plan beneficiaries." Thus, reading sections 109(c) and 502(c) together, the Secretary is

---

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-19

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966         Fax (509) 663-3852

given authority to establish the format and content of what documents are required to be produced "by this subchapter." Therefore, "Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to . . .may in the court's discretion be personally liable" for a 502(c) penalty.

45.     The Secretary of Labor's ERISA claim procedures regulations, set out in 29 C.F.R. 2560.503-1 (h)(2)(iii) describe what documents an administrator must provide. The regulations state that, in order to provide a full and fair review, the Plan must:

> Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section.

The Secretary explains at Paragraph (m)(8) what documents are relevant to the claim, and are thus required to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information:
> (i) Was relied upon in making the benefit determination;
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-20

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966          Fax (509) 663-3852

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

46.   As a result Motorists' failure to provide requested documentation, Plaintiff is entitled to recovery pursuant to penalties of $110.00 per day.

## PRAYER FOR RELIEF

WHEREFORE, Rindone prays judgment against Defendants as follows:

1.   For an award of LTD benefits under the Plan from February 12, 2009 to July 20, 2009 and for future additional monthly payments pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

2.   For an award of penalties of $110.00 per day since November 1, 2009 for Defendants' failure to provide all required documentation pursuant to ERISA 502(c), 29 U.S.C. 1132(c);

3.   For reasonable attorneys' fees and costs incurred by Plaintiff in the prosecution of this action pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

4.   For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a declaration of her rights

COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY
ACT OF 1974
-21

THE HUNTER LAW FIRM, PLLC
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966      Fax (509) 663-3852

hereunder with respect to each Defendant;

5.   For prejudgment and post judgment interest on any amounts awarded to Plaintiff; and

6.   For such other and further relief as the Court may deem equitable and just.

Dated: July 19, 2011                            THE HUNTER LAW FIRM, PLLC
                                                Attorney for Plaintiff


                                        By:
                                            /s/ Robert Hunter, Jr.

                                        _____
                                        Robert K. Hunter, Jr.. WSBA # 28909
                                        645 Valley Mall Parkway, Suite 200
                                        East Wenatchee, WA  98802
                                        Telephone: (509) 663-2966
                                        Facsimile: (509) 663-3852
                                        e-mail: robert@hunter4law.com

**COMPLAINT FOR VIOLATIONS OF THE**
**EMPLOYEE RETIREMENT INCOME SECURITY**
**ACT OF 1974**
-22

**THE HUNTER LAW FIRM, PLLC**
645 Valley Mall Parkway, Suite 200
East Wenatchee, WA  98802
(509) 663-2966       Fax (509) 663-3852